CIRCUIT COURT FOR MULTNOMAH COUNTY, JUNE TERM, 1868.

## J. G. CHAPMAN *v.* PATRICK RALEIGH.

TRANSCRIPT OF DOCKET.—Where a transcript on appeal from a justice's court was filed, and was treated as a transcript filed with the county clerk to authorize the judgment to be docketed in the circuit court, and an execution was issued out of the circuit court, the execution was set aside on motion.

THE plaintiff recovered a judgment in justice's court for $75, on the 12th of June, 1858. On the 7th of July following, the defendant appealed to the circuit court. On the same day the plaintiff filed a counter undertaking, in pursuance of section 71 of the act relating to justice's courts.

On the 16th of July the defendant filed with the clerk of this court a transcript of the docket and the original papers in the cause, in pursuance of section 72 of the act. Thereupon the plaintiff caused an execution to issue out of the circuit court to enforce the judgment set forth in the transcript.

The defendant now appears and moves this court to set aside the execution.

*J. G. Chapman,* in person.

*Shattuck & Killin,* for the defendant.

BY THE COURT; UPTON, J. The plaintiff claims that in filing a transcript in pursuance of the statute that regulates appeals, he has also literally complied with section 50, which provides for docketing judgments rendered by justices of the peace in the judgment docket of the circuit

court; and that therefore he is entitled to execution issuing out of this court. He, as respondent, claims, that having given a counter undertaking, he is, according to the spirit and intent of the law, entitled to an execution as if no appeal had been taken; and that if he was entitled to an execution issued out of the justice's court before the transcript was filed, upon filing it he becomes entitled to one issuing out of this court.

I do not think it is necessary to pass upon the various questions raised and argued, as to the sufficiency of the counter undertaking. I do not think it was the intent of the Legislature that the transcript on appeal should serve the double purpose of bringing the case here for a trial *de novo* and of standing as the record of a final judgment, to be enforced in pursuance of section 50.

Nor is the proceeding already taken a literal compliance with section 50. This transcript is required to be filed with the clerk of this court, while section 50 requires the transcript that shall serve as a basis of a judgment lien, and of an execution, to be filed with the *county clerk.*

It is true that both these offices are united in the same person; and there is but a technical difference in this respect in the modes of proceeding. But this is sufficient to prevent a course of proceeding that claims no greater merit than that of being a compliance with the letter of the statute, while it evidently disregards its spirit and intent.

The motion should be granted.